UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACQUELINE DIESSO,
   Plaintiff,

   v.                 Civil Action No. 12-10361-JLT

STOP & SHOP CO.,
   Defendant.

## MEMORANDUM AND ORDER

TAURO, D.J.

### BACKGROUND

On February 24, 2012, Plaintiff Jacqueline Diesso ("Diesso"), a resident of East Wareham, Massachusetts, filed a Complaint against her former employer alleging age discrimination because she was replaced by a younger employee.

Attached to the Complaint was the dismissal and notice of rights from the Equal Employment Opportunity Commission (*i.e.*, the "right to sue" letter), dated November 28, 2011. She also attached the Defendant's position statement, her response, and communication between the EEOC investigator and Stop & Shop employees.

Along with the Complaint, Diesso filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a Motion for Appointment of Counsel (Docket No. 3).

### DISCUSSION

I.  The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Diesso's financial disclosures, this Court finds that she lacks sufficient funds to pay the $350.00 filing fee for this action.

Accordingly, her Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED.

II.     The Motion to Appoint Counsel

Under 28 U.S.C. §1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under §1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*) (emphasis added); see also Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, to be eligible for this assistance under 28 U.S.C. §1915, Diesso "must demonstrate that he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (emphasis added). This Court considers the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent herself. Id.[1]

At this juncture, the Court credits that Diesso has attempted to retain counsel on her own but is unable to afford the costs of representation. The Court also considers that Diesso is unskilled in the law and may have a difficult time prosecuting this action *pro se*. Nevertheless, without a response from the Defendant, this Court cannot gauge adequately the merits of her

---

[1]The standard is less stringent in employment discrimination cases. See, e.g., Gadson v. Concord Hosp., 966 F.2d 32, 35 (1st Cir. 1992) (stating: "[a] district court considers three factors in determining whether to appoint counsel to a *pro se* plaintiff under Title VII: (1) the merits of plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability."). "Any one of the three factors may be determinative." Id. at 36 (citing Darden v. Illinois Bell Telephone Co., 797 F.2d 497, 501 (7th Cir. 1986)). Even under this standard, this Court does not consider appointment of *pro bono* counsel at this time to be prudent.

claim nor find that Diesso has demonstrated exceptional circumstances warranting the expenditure of scarce *pro bono* resources. Accordingly, Diesso's Motion for Appointment of Counsel (Docket No. 3) is DENIED without prejudice to renew after the Defendant has filed a responsive pleading, upon good cause shown.

III.     A Summons Shall Issue; Service of Process

In light of the grant of *in forma pauperis* status, the Clerk shall issue a summons and the United States Marshal Service shall effect service, as provided below.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED.

2. The Clerk shall issue summons(es).

3. The Clerk shall send the summons(es), a copy of the Complaint, and this Order to the Plaintiff, who must thereafter serve the Defendant in accordance with Federal Rule of Civil Procedure 4(m). The Plaintiff may elect to have service made by the United States Marshal Service. If directed by the Plaintiff to do so, the United States Marshal shall serve the summons(es), Complaint, and this Order upon the Defendant, in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service.

4. Plaintiff's Motion for Appointment of Counsel (Docket No. 3) is DENIED.

SO ORDERED.

                                /s/ Joseph L. Tauro
                                JOSEPH L. TAURO
                                UNITED STATES DISTRICT JUDGE

DATED: March 5, 2012